Barnard, P. J.
The plaintiff was the owner of a quantity of water closets of different kinds, and had entered into an agreement with the defendant to sell the same and return a fixed price to the plaintiff therefor. This agreement was. in writing, and under it, it was claimed by the plaintiff, that sales had been made by the defendant and that there was a considerable amount due the plaintiff for sales, money received, and for neglect to execute the contract with fidelity to the plaintiff.
An action was commenced and was pending at issue when the parties settled. This agreement is evidenced by a writing. The defendant was to pay $250 in cash, which was paid. This was to pay all money due on an accounting of sale for cash. The defendant was at once to purchase for cash eighteen closets, six of each of three different kinds specified in the first agreement and was within a. year to take or sell in the same manner as provided in the first contract all the balance of the closets included in that contract. The evidence shows that the closets were out of repair in unimportant particulars, and that this was fully discussed between the parties in the preliminary negotia *549 tian, which led up to the second agreement. It was a subject of dispute between them whether or not the plaintiff had represented the water closets to be in good order, and the trial court has found there was no representation made. This finding was in accordance with the evidence. It is manifest that the defendant had complete knowledge of the condition of the articles.
The defendant had had possession of them, and had dealt in them, and the present contract is not about articles of the same kind, but about the very articles which had been in the possession of the defendant under the original agreement. The defendant is shown to have taken only a small proportion of the eighteen closets which were to be bought at once for cash, and none of the others. The plaintiff has been ready to deliver the goods since the year expired, and the defendant has refused to accept. The court allowed the purchase price as the measure of damages. This was the contract rule. The plaintiff was in the position of such complete performance as entitled him to recover the contract price. Hunter v. Wetsell, 84 N. Y., 540; Pollen v. Le Roy, 30 N. Y., 549.
It was part of the last contract that the plaintiff would allow to the defendant $100, on the disposal of all the closets, for cash paid by defendant on the settlement of the action. As the judgment is based on the disposal of the entire lot, the $100 should be allowed as upon a sale.
The judgment should therefore be-modified by deducting that sum with interest from May 20, 1886 only, otherwise affirmed without costs to either party upon appeal.
Pratt and Dykman, JJ., concur. 7